UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DARREN MALLOY HEKKING and :
SHAUN EGAN HEKKING, on behalf of :
Himself and on behalf of C.H. and B.H., :
        Plaintiffs, :
         :
        v. :   C.A. No. 14-295JJM
         :
CRAIG ANTONY HEKKING and :
MOLLY DURANT HEKKING, :
        Defendants. :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

After the Court had already scheduled a hearing to address Plaintiffs' potential breach of its Amended Order (ECF No. 262) banning further efforts to sell the "Raymond Weil Watch,"[1] Defendants Craig and Molly Hekking[2] filed a motion for injunctive relief, contempt and sanctions, which sought to replow the same ground. ECF No. 264. The motion has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B).

I recommend that it be denied.

---

[1] The so-called "Raymond Weil Watch" has been the subject of several decisions during the post-judgment phase of the case. See ECF No. 241 at 3-4 (Raymond Weil Watch to be released to Plaintiffs for sale); ECF No. 245 at 8-12, 14-15 (finding that whether or not Raymond Weil Watch belongs to Molly, she failed to sustain her burden of establishing that it fell within the statutory jewelry exemption); ECF No. 262 (to address Plaintiffs' failure to sell seized items, Court establishes protocol for disposition of property and application of proceeds to reduce judgment, including Raymond Weil Watch); ECF No. 269 (to address sale of Raymond Weil Watch contrary to Order, Defendants permitted to apply its full "in-place" value either to purchase other items or to reduce judgment). The reader's familiarity with them is assumed.

[2] Without intending disrespect, because all parties in this case bear the same last name, the Court will refer to them as Plaintiffs or Defendants, but references to individual parties will use only first names. Also, because Defendants are *pro se* litigants, they are entitled to leniency in the Court's approach to their filings. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (allegations of *pro se* litigant held to a less stringent standard than formal pleadings drafted by lawyers).

**I.     BACKGROUND**

Following a bench trial in this family dispute over three brothers' inheritance from their father and step-mother, the Court wrote a decision that is scathingly critical of Defendants and awarded Plaintiffs judgment in the amount of $2,169,052. Hekking v. Hekking, C.A. No. 14-295-ML, 2016 WL 3093448 (D.R.I. June 1, 2016); ECF No. 174. After Defendants made no effort to satisfy the judgment, Plaintiffs initiated post judgment collection efforts, resulting in the seizure from Defendants' home of a mix of estate and personal assets. After months passed and almost nothing had been sold, in the spring of 2018, the Court *sua sponte* held a hearing to develop a protocol for reducing the judgment in light of the seizure and permitting Defendants to buy back certain items. One item – the Raymond Weil Watch – was afforded special treatment: the Court ordered that it must be retained for a period of sixty-eight days, during which Defendants could purchase it for $100 plus shipping and any insurance. ECF No. 262. However, as credibly represented by counsel for Plaintiffs, after the hearing held on July 6, 2018, counsel were confused by the complexity of what was contemplated by the Court[3] and mistakenly thought the Watch was subject to the same protocol applicable to all other property, as to which sales efforts could continue.

Following the July 6, 2018, hearing, at the Court's request, Plaintiffs submitted a draft Order, which the Court did not adopt because, among other matters, it was not accurate with respect to the Raymond Weil Watch. Meanwhile, Plaintiffs' counsel (mistakenly) advised their clients that they could continue to try to sell all of the seized property, including the Raymond Weil Watch. By the time the Court's Amended Order issued on July 26, 2018, setting out in crystal clear terms that the Watch was not to be sold, Plaintiffs had already sold it, eliminating

---

[3] The confusion also affected the Court, in that its original Order (ECF No. 261) erred in a respect not relevant here, resulting in the issuance of an Amended Order. ECF No. 262.

2

the opportunity for Defendants to buy it back.  With some credibility, Defendants argue that the sale of this one item was done to inflict "as much stress, [e]motion and emotional impact upon the Defendants as possible, particularly upon Molly Hekking[.]"  ECF No. 264 at 6-7.

After the Court received Plaintiffs' monthly accounting, which disclosed the sale of the Raymond Weil Watch, ECF No. 263, it *sua sponte* scheduled a hearing to address that issue, as well as the failure of Defendants to meet and confer about the other matters pertaining to the Amended Order.  One day later, Defendants filed the pending motion.

At the September 27, 2018, hearing, the Court heard from both sides regarding the Raymond Weil Watch and how it came to be sold.  Following the hearing, the Court issued a Supplement to Amended Order (ECF No. 269), which finds that Defendants failed to abide by the Court's Order requiring them to meet and confer, while Plaintiffs failed to abide by the Court's Order barring sale of the Raymond Weil Watch.  The solution to both matters was addressed in the Supplement.  Id. at 2.

Another important issue arose at the September 27, 2018, hearing.  Counsel for Plaintiffs advised the Court that Molly had filed for personal bankruptcy and they did not know whether the bankruptcy case's automatic stay might impact either her ability to prosecute the motion for injunctive relief or the Court's authority to address the motion as to her.  To allow time to sort through this issue, the Court acknowledged the pendency of the instant motion for injunctive relief, contempt and sanctions, but took it under advisement.  Molly was ordered to make a filing (with assistance from her bankruptcy attorney) on "the degree to which the Court may proceed with the pending motion as to her specifically."  Text Order of September 28, 2018.  After conferring directly with Molly about what would be realistic for her, the Court set a deadline for

such a filing – October 22, 2018. That date came and went, but Molly has completely ignored the Court's Order.

## II. DISCUSSION

Defendants entitled their motion, "Defendants Motion for Injunctive Relief and a Finding of Contempt, with Sanctions, Against the Plaintiffs." ECF No. 264 at 1. It is focused on Plaintiffs' failure to comply with the Court's prohibition on selling the Raymond Weil Watch and alleges that Plaintiffs' failure to comply amounts to contempt, as well as that Plaintiffs' filing of their proposed Order (which the Court rejected) amounts to a violation of Fed. R. Civ. P. 11. As a sanction, Defendants ask the Court to enjoin any further sales of the property and to order that all property be returned to Defendants, to order that a replacement of the Raymond Weil Watch be procured, as well as to impose other sanctions as the Court may deem necessary. Defendants also replay the allegations of fraud and perjury by Plaintiff Shaun, which the Court already rejected. ECF No. 245, adopted by Text Order of Oct. 12, 2017.

### A. Applicable Law

"An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief." Salazar v. Buono, 559 U.S. 700, 714 (2010). "Equitable relief is not granted as a matter of course," id., and injunctions in particular should be used sparingly due to their potential scope and duration. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 165 (2010) ("An injunction is a drastic and extraordinary remedy[.]"). Civil contempt orders may issue if, "the moving party establishes by clear and convincing evidence that the alleged contemnor violated [an] order despite clear and unambiguous notice of the order and the ability to comply with it." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir. 2015). "In addition to nudging a party to comply with a

past court order, a district court may also utilize sanctions to compensate the complainant for harms suffered as a result of the contempt and to reinforce the court's own authority." Id. Finally, sanctions under Fed. R. Civ. P. 11(b) may be imposed on an attorney who has signed and filed a paper in the court for an improper purpose or that is not warranted in law or fact.

B. **Proposed Findings of Fact and Analysis**

I find that counsel for Plaintiffs did not act in bad faith when they thought the Raymond Weil Watch could be sold because they were confused by the complexity of the Court's ruling from the bench. I also find that this confusion did not resolve until the Amended Order issued, by which time the Watch was sold. In light of these determinations, I further find that Plaintiffs themselves did not know what the actual content of the Amended Order would be and therefore did not intentionally violate it.[4] Accordingly, there is no need for the Court to exercise its contempt muscles and there certainly has been no transgression of the duty imposed on counsel by Fed. R. Civ. P. 11. As to injunctive relief and the balancing of the equities, the immediate circumstance involved violations of the Amended Order by both sides, as the Court found in the Supplement to Amended Order, which the Court has already cured by adopting the procedure laid out in the Supplement. And the bigger picture that puts this all in context is laid out in the Court's bench decision from the trial, which finds that Defendants brazenly stole from Plaintiffs, leaving them with a judgment that they are not likely ever to collect in full. At bottom, the Court addressed the harm done to Defendants based on the improper sale of the Raymond Weil Watch in the Supplement to Amended Order. Now I recommend that the Court leave the parties where they are and that the motion be denied.

---

[4] Even if the Court were to accept as proven Defendants' accusation that Plaintiffs acted "cynical[ly]," ECF No. 264 at 13, in choosing to sell the Raymond Weil Watch alone among the remaining property, that does not put them in contempt of court. Put differently, if Plaintiffs believed that they were free to sell the Raymond Weil Watch, they may well have done so with alacrity because they were aware that Defendants wanted it. That is not contempt.

5

### C. Molly's Bankruptcy Case

On August 15, 2018, Molly filed a bankruptcy petition under Chapter 7 in the United States Bankruptcy Court for the District of Rhode Island. See In re Molly M. Hekking, BK No. 1:18-bk-11406, ECF No. 1 ("Bankruptcy ECF No."). Her attorney in that case is Christopher R. Carreiro, and the Trustee appointed is Charles A. Pisaturo, Jr. Bankruptcy ECF No. 3. A filing on October 29, 2018, from the Trustee indicates Molly "has over $2 Million Dollars in creditor claims that she seeks to discharge." Bankruptcy ECF No. 29 at 1. The Trustee states he "is aware of litigation in the United States District Court, Rhode Island (Hekking v. Hekking) in which the District Court issued a trial decision against the debtor and her husband for over $1.4 Million Dollars. The case involved allegations and findings of fact including the conversion of assets and money of [Molly's] husband's late parents' estates." Id. at 2-3.

"The filing of a bankruptcy petition creates an automatic stay of all court proceedings and other acts to collect a prepetition liability from the debtor." In re Crocker, 362 B.R. 49, 56 (B.A.P. 1st Cir. 2007) (per curiam) (citing 11 U.S.C. § 362(a)(1) & (6)).[5] "The wording of [§ 362(a)(6)] is somewhat similar to that of section 362(a)(1) but the provision applies to any 'act' whether or not that act is related to an 'action' or a 'proceeding.' Thus, any act taken to collect, assess or recover a prepetition claim against the debtor, whether the act is taken against the estate or against the debtor is stayed." In re Torres, 544 B.R. 741, 749 (Bankr. D.P.R. 2015) (internal quotation marks omitted). "[T]he stay of actions and proceedings provided for by § 362(a)(1) applies only to actions brought against the debtor – the statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." In re Garcia,

---

[5] Under 11 U.S.C. § 362(a)(1), a bankruptcy petition under Chapter 7 "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . proceeding against the debtor . . . that arose before the commencement" of the Chapter 7 petition. The petition also stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy case. Id. § 362(a)(6).

553 B.R. 1, 18 (Bankr. D.P.R. 2016), reconsideration denied sub nom., In re Morales Garcia, No. 04-12461 (ESL), 2017 WL 151402 (Bankr. D.P.R. Jan. 13, 2017).

"The stay is designed to give breathing room to the debtor[ ] and has absolutely no effect on the debtors' ability to bring suit *against other parties*." DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co., 448 F.3d 460, 463 (1st Cir. 2006) (internal citation and quotation marks omitted) (emphasis in original). "[F]ederal district courts retain jurisdiction to determine the applicability of the stay to litigation before them, and to enter orders not inconsistent with the terms of the stay." In re Coho Resources, Inc., 345 F.3d 338, 345 n.24 (5th Cir. 2003) (alteration and internal quotation marks omitted).

Based on the foregoing, with respect to the judgment against the Defendants, I find that 11 U.S.C. § 362(a)(1) and (6) mandates staying "all court proceedings and other acts to collect a prepetition liability from" Molly, In re Crocker, 362 B.R. at 56, but that the post-judgment proceedings may continue against Craig. Nevertheless, I further find that ruling on the Defendants' pending motion as to both of them is proper because the motion is not "against the debtor" for the purposes of the bankruptcy statute, see In re Torres, 544 B.R. at 749, and issuing a ruling is within the Court's authority to "enter orders not inconsistent with the terms of the stay." See In re Coho Resources, 345 F.3d at 345 n.24.

### III. CONCLUSION

For the foregoing reasons, I recommend that Defendants' Motion (ECF No. 264) for Injunctive Relief and a finding of Contempt with Sanctions against the Plaintiffs be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P.l 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a

7

timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 525 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 14, 2018